IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-01969-REB-SKC

JONATHAN CARTER,

    Plaintiff,

v.

SONIC CORPORATION,
SONIC RESTAURANTS, INC., and
SONIC INDUSTRIES SERVICES, INC.,

    Defendants.

## DISCOVERY ORDER

    This order addresses the simultaneous discovery briefs filed by the parties on May 18, 2020 [#72 (Plaintiff's Discovery Brief) and #73 (Defendant's Discovery Brief)].[1] Those briefs address the issue of whether Plaintiff's Requests for Admission ("RFAs") Nos. 2, 3, and 8, served on Defendants, are deemed admitted. The Court has reviewed the briefs, relevant case law, and other entries in the docket. No hearing is necessary to resolve this dispute. The Court construes this dispute as raising two issues: (1) whether the RFAs are deemed admitted; and, if so, (2) whether Defendant may withdraw or amend them.

---

[1] The Court uses "[# __ ]" to refer to filings in the electronic CM/ECF Docket.

### A.  BACKGROUND

This case arises out of an alleged assault on Plaintiff on June 11, 2017, when working his shift as a cook at a Sonic Drive-In location. The First Amended Complaint alleges Plaintiff's manager on duty that night gave access to the interior of the restaurant to her fiancé, who was an off-duty manager of the restaurant, for the purpose of assaulting Plaintiff over a Facebook post. The off-duty manager pointed a loaded semi-automatic handgun at Plaintiff's face and threatened to kill him.

Procedurally, on October 22, 2019, Plaintiff served Defendants with written discovery that included RFAs. Defendants' responses to the RFAs were due November 21, 2019. Fed. R. Civ. P. 36(a)(3). Defendants failed to serve responses to the RFAs by the deadline. Having received no responses, Plaintiff's counsel called and spoke to defense counsel four days later, on November 25, 2019, to inquire about the failure to respond. Defense counsel followed the call up with an email to opposing counsel wherein he requested an extension until December 4, 2019, to provide his clients written discovery responses, stating: "[t]he holiday makes it a little difficult to obtain answers regarding the information requested in the Interrogatories and PODs." [#72-1 at p. 2.] He offered no explanation for the lack of responses to the RFAs. [*Id.*] Plaintiff's counsel responded by email and agreed to the extension for Defendants' responses to interrogatories and requests for production; regarding the RFAs, counsel stated: "the RFAs are deemed admitted if not responded to by the deadline." [*Id.* at p. 1.]

At least one Defendant provided discovery responses on December 4, 2019. Those responses included denials of RFAs 2, 3, and 8, as follows:

2

**REQUEST FOR ADMISSION NO. 2:** Admit that in 2017, the Federal Heights Drive- In had a restricted access policy that prohibited individuals from entering the restaurant's building unless they were conducting official company business.

**RESPONSE:** Defendants deny and object to the extent the request is ambiguous as to "conducting official company business." Defendants admit to the admission to the extent that the inside of the restaurant is controlled by the employees of the restaurant.

* * *

**REQUEST FOR ADMISSION NO. 3:** Admit that in 2017, the Federal Heights Drive- In had a policy that the restaurant building's doors were required to be kept locked.

**RESPONSE:** Defendants deny and object to the extent the request is ambiguous as to "restaurant building doors," including but not limited bathrooms. Defendants admit to the admission to the extent that the inside of the restaurant is controlled by the employees of the restaurant.

* * *

**REQUEST FOR ADMISSION NO. 8:** Admit that, on June 11, 2017, Shevlin permitted Lornes to enter the Federal Heights Drive-In in violation of the restaurant's restricted access policy.

**RESPONSE:** Defendants deny and are without information sufficient at this time to answer this interrogatory to the extent as to who let Mr. Lornes into the Sonic building.

[#72-2 at pp. 4-5.]

When the subject of Defendants' late responses to the RFAs came up during a discovery hearing on March 24, 2020, defense counsel claimed the lateness was the result of a "calendaring error." In his discovery brief, Plaintiff claims this was the first-time defense counsel blamed the lateness on a "calendaring error." Plaintiff now seeks an order that the RFAs are deemed admitted. Or, should the Court permit Defendants to

3

withdraw or modify their admissions, Plaintiff seeks a sanction of an award of attorneys' fees incurred in addressing this issue.

### B. DISCUSSION

#### 1. Whether the RFAs were Automatically Deemed Admitted

Rule 36(a) provides that "[a] party may serve upon any other party a written request to admit" the truth of certain matters. Fed. R. Civ. P. 36(a)(1). "[R]equests for admission are automatically deemed admitted unless the party served with the requests objects within 30 days of service or within a period specified by the court or by mutual agreement of the parties." *Kang Kyu Seo v. Moon Suk Oh*, No. 18-785 (RDM), 2019 WL 4711404 at *3 (D.D.C. Sept. 26, 2019) (citing Fed. R. Civ. P. 36(a)(3)). Here, Defendants failed to object to the RFAs within 30 days of service. Thus, the RFAs are deemed admitted pursuant to Rule 36(a)(3).

#### 2. Whether Defendants May Withdraw the Admissions

In their discovery brief, Defendants ask the Court to let them withdraw their admissions. The Court construes the request as a motion to permit withdrawal of the admissions to RFAs 2, 3, and 8.

Once a matter is deemed admitted, the court may allow withdrawal of the admissions if withdrawal "would promote the presentation of the merits of the action;" also, the court must be persuaded that withdrawal would not prejudice the party who benefits from the admissions. *See* Fed. R. Civ. P. 36(b); *see also Raiser v. Utah Cty.*, 409 F.3d 1243, 1246 (10th Cir. 2005). The first part of the test "emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions

4

would practically eliminate any presentation of the merits of the case." *Raiser*, 409 F.3d at 1246 (citing *Perez v. Miami-Dade County*, 297 F.3d 1255, 1266 (11th Cir. 2002)). The burden to establish the first element is on the party moving to withdraw the admissions, while the burden to establish prejudice is on the party who benefits from the admissions. *Ropfogel v. United States*, 138 F.R.D. 579, 582 (D. Kan. 1991) ("As specified in the rule, the party moving to withdraw the admissions . . . bears the burden of demonstrating that the presentation of the merits of this action will be subserved or facilitated by ordering the withdrawal of the admissions. The party who obtained the admission . . . bears the burden of demonstrating to the court that withdrawal of the admissions will prejudice him in maintaining the action on the merits.")

### a. Would Withdrawal Promote the Presentation of the Merits of the Action?

Plaintiff asserts four claims for relief: (1) premises liability under Colo. Rev. Stat. § 13-21-115; (2) vicarious liability; (3) negligent retention, training, and supervision; and (4) outrageous conduct. [#60.] Defendants have yet to file an answer. In the Scheduling Order [#32], Defendants assert the following, among other things, concerning their defenses:

> Alternatively, Defendant disputes causation and the nature and extend of Plaintiff's alleged injuries, damages and losses. Defendant denies that it abeited (sic) and abetted the alleged assault on Plaintiff. Defendant further denies that any company policies were violated, and management knew or should of known that polices were being violated. Defendant contends that there was no breach of reasonable care to Plaintiff or any other employee of Sonic at the Federal Heights location. Defendant also denies that it knowingly and intentionally obstructed the local police investigation into the alleged incident.

[#32 at p.4.]

5

The admissions at issue concern: (1) whether in 2017 the restaurant had a specific restricted access policy; (2) whether in 2017 the restaurant had a specific policy requiring the building doors to be kept locked; and (3) whether on the date of the incident the on-duty manager, Ms. Shevlin, allowed the alleged assailant entry into the restaurant in violation of the restricted access policy. Based on the claims asserted in this case, and Defendants' purported defenses, the Court does not find that upholding the admissions would practically eliminate any presentation of the merits of the case. The RFAs now deemed admitted simply establish that in 2017 the restaurant had one policy that prohibited individuals from entering the building unless they were conducting official company business (the "restricted access" policy) and a second policy that required the building doors to be kept locked, and that on June 11, 2017, Shevlin permitted the assailant access to the restaurant in violation of the restricted access policy. These admissions neither confess any element of the claims asserted nor refute any purported affirmative defenses available to Defendants—they merely establish three facts none of which stifle presentation of this case on the merits. *Cf. Raiser*, 409 F.3d at 1246 ("Here, the admissions at issue conceded the core elements of Mr. Raiser's case.").

Defendants' argument that allowing withdrawal of admissions "would preserve the core presentation of the merits to the jury," is conclusory. Defendants make the statement without demonstrating how that is so. And the Court perceives the opposite, as described above. For these reasons, this factor favors disallowing withdrawal of the admissions.

### 2. Would Withdrawal Prejudice Plaintiff?

The second factor requires Plaintiff to show he would be prejudiced by withdrawal of the admissions. Prejudice is not "mere inconvenience." *Id.* "The prejudice contemplated by Rule 36(b) . . . relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id.* (citing *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).

Plaintiff argues the following prejudice: "[f]or the past six months, Plaintiff has proceeded through discovery based on the belief that these requests were deemed admitted, and the deadline for propounding additional discovery requests has passed." [#72 at p. 6.] The Court finds this prejudice equates to mere inconvenience. In *Raiser*, the party who benefitted from the admissions relied on them when filing a motion for summary judgment that was granted in that party's favor. The Tenth Circuit found that even that circumstance was insufficient prejudice "to foreclose withdrawal or amendment of the admissions." *Id.* at 1247. Further, any prejudice to the Plaintiff can be ameliorated by allowing limited discovery related to these three RFAs, if necessary. This factor favors allowing withdrawal of the admissions.

* * *

Based on the above, RFAs 2, 3, and 8 are deemed admitted under Rule 36 because of Defendants' untimely response. However, the Court finds that allowing Defendants to withdraw those admissions would not prejudice Plaintiff, and therefore, the Court ORDERS that the admissions to RFAs 2, 3, and 8 are hereby withdrawn.

FURTHER ORDERED that Plaintiff's request for sanctions is partially granted. In this regard, the Court finds the answers to RFAs 2 and 3 do not directly answer the posed requests—because of the objections it is unclear whether the denials are because of the matters identified as objectionable, or whether they are direct denials of the respective facts for which admission is sought. Therefore, the Court overrules the objections to RFAs 2 and 3, and Defendants are ORDERED to simply admit or deny each request.[2]

FURTHER ORDERED that Defendants admit or deny RFA 8 based on any new information obtained in discovery since the original December 4, 2019 response.

FURTHER ORDERED that Defendants supplement their responses to RFAs 2, 3, and 8 consistent with this Order within seven (7) days from the date of this Order.

All other relief sought is DENIED.

DATED: July 14, 2020

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge

---

[2] The Court does not find "conducting official company business" or "restaurant building doors" to be ambiguous especially when considering these requests in the context of the case and the applicable facts.